IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| XUNHUI CHENG and KELIN CAI, ) | CASE NO.: 4:20-cv-01726-JD |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER & OPINION** |
| DAN LIU, et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case arises from an alleged fraudulent investment scheme involving real property located in South Carolina. Before the Court is Defendants' Joint Rule 12(c) Motion for Judgment on the Pleadings and Request for Expedited Relief. (DE 221.) Plaintiffs Xunhui Cheng ("Cheng") and Kelin Cai ("Cai") have filed a Memorandum in Opposition (DE 226), and Defendants have filed a Reply (DE 233).[1] The motion seeks judgment on the pleadings as to Plaintiffs' claims for equitable relief, including the imposition of a constructive trust and the appointment of a receiver. For the reasons below, Defendants' motion is granted.

---

[1] The Court notes that after the filing of the Rule 12(c) motion and related briefing, the docket reflects text orders addressing issues related to counsel and representation of Plaintiffs Cheng and Cai. (*See* DE 235, 237, 244.) Those orders do not alter the pleadings or the issues presented by the pending motion, which was fully briefed and ripe for disposition at the time it was taken under advisement.

## I. BACKGROUND

A. **Factual Background**

The following summary is drawn from the allegations of the Amended Complaint (DE 18), which are accepted as true for purposes of this Rule 12(c) motion, and from matters of public record reflected on the docket.

Plaintiffs Cheng and Cai allege that Defendants orchestrated a fraudulent investment scheme directed at Chinese nationals seeking to invest in United States real estate. According to the Amended Complaint, Defendants represented that investor funds would be used to acquire, develop, and operate income-producing real property in South Carolina, including golf courses and related assets. (*See* e.g., DE 18 ¶ 22.) Plaintiffs allege that they invested funds in reliance on these representations.

Plaintiffs contend that, rather than using investor funds in the manner promised, Defendants misappropriated substantial sums and diverted those funds for unauthorized purposes, including the acquisition of real property titled in Defendants' names or in entities controlled by them. The Amended Complaint alleges that Defendants acquired numerous golf courses and other real estate assets using commingled investor funds and that Defendants exercised exclusive control over those properties and their revenues. (DE 18 ¶¶ 37–44.)

Cheng and Cai allege that they entered into a limited number of investment contracts for specified amounts and that Defendants failed to return their principal or pay the promised investment returns. (DE 18 ¶¶ 30, 54.) Based on these allegations, Plaintiffs assert various legal claims, including fraud-based causes of action, and seek equitable relief in the form of a constructive trust over Defendants'

real property holdings and the appointment of a receiver to take control of those assets.

## B. Procedural Background

Plaintiffs initiated this action in this Court in 2021. (*See* DE 1.) After Defendants moved to dismiss, Plaintiffs filed an Amended Complaint on February 28, 2022. (DE 18.) The Amended Complaint asserted claims on behalf of a putative class of investors and sought, among other relief, the imposition of a constructive trust and the appointment of a receiver.[2]

Extensive motion practice followed. Of particular relevance here, Plaintiffs moved for class certification. By Order entered on September 29, 2023, the Court denied Plaintiffs' motion for class certification. (DE 201.) Plaintiffs appealed that ruling to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the denial of class certification, and the Supreme Court denied certiorari. As a result, only the individual claims of Cheng and Cai remain pending before this Court.

Following resolution of the class-certification proceedings, Defendants filed the present Joint Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (DE 221.) Defendants do not seek dismissal of Plaintiffs' underlying legal claims at this stage. Instead, Defendants move for judgment as a

---

[2] The Amended Complaint asserted ten causes of action: (1) Breach of Contract; (2) Aiding and Abetting Breach of Fiduciary Duty Against Co-Defendant LLCs and Breach of Fiduciary Duty as to Defendant Liu; (3) Fraud; (4) Breach of Contract Accompanied by a Fraudulent Act; (5) Constructive Trust; (6) Receivership; (7) unjust enrichment; (8) Securities Violations; (9) State Securities Fraud; and (10) Conversion. (DE 18.)

matter of law on Plaintiffs' claims for equitable relief, arguing that, in light of the pleadings and the procedural posture of the case, Plaintiffs cannot establish entitlement to a constructive trust or the extraordinary remedy of receivership.

Plaintiffs filed a Memorandum in Opposition on June 30, 2026. (DE 226.) Defendants filed a Reply on July 14, 2025. (DE 233.) The motion is ripe for disposition.

## II.    LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Rule 12(c) Fed. R. Civ. P. "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020). Accordingly, a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure may serve two distinct yet equally important purposes. First, it permits a party to raise procedural defects that become apparent only after the opposing party has filed an answer, thereby enabling the court to address such deficiencies at an appropriate juncture in the proceedings. Second, where the pleadings are deemed complete and no defects are evident, a Rule 12(c) motion provides a mechanism for resolving pure questions of law based solely on the content of the pleadings, without the necessity of proceeding to trial. *See generally* § 1367 Judgment on the Pleadings—In General, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.).

If a procedural defect is asserted through a Rule 12(c) motion, "[t]he standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v.*

*PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Thus, such a motion should be granted when, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id*.

Conversely, where judgment on the merits is sought under Rule 12(c), the applicable standard requires the court to determine "whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." *Tollison v. B & J Mach. Co.*, 812 F. Supp. 618, 619 (D.S.C. 1993). In this context, "[a] motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." § 1368 Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.). An issue of fact is considered material if its resolution could affect the outcome of the case.

### III.  DISCUSSION

Defendants move for judgment on the pleadings as to Plaintiffs' claims seeking equitable relief—specifically, the imposition of a constructive trust and the appointment of a receiver. (DE 221.) Defendants do not seek dismissal of Plaintiffs' remaining legal claims at this stage. (*Id*.) Plaintiffs respond that Defendants improperly attempt to "limit" remedies, contend that constructive trust and receivership are not independent causes of action, and further suggest that choice-of-

5

law considerations counsel against dismissal. (DE 226.) Defendants reply that Plaintiffs pleaded these theories as standalone counts, and that—whether characterized as claims or remedies—the Amended Complaint fails to allege facts plausibly entitling Plaintiffs to either form of extraordinary equitable relief in the present posture of the case. (DE 233.) The Court agrees with Defendants.

### A.   Preliminary Matters

#### 1.   Scope of the Ruling

At the outset, the Court clarifies the scope of its ruling. Defendants' Rule 12(c) motion is directed only to Plaintiffs' requests for (1) a constructive trust and (2) a receivership. (DE 221.) The Court, therefore, addresses whether, on the face of the pleadings and the judicially noticed procedural posture, Plaintiffs have plausibly alleged entitlement to those forms of relief.

#### 2.   Plaintiffs' "Remedy Versus Claim" Argument Does Not Preclude Judgment on the Pleadings

Plaintiffs argue that constructive trust and receivership are not "claims," but merely remedies that may be awarded upon proof of other causes of action. (DE 226.) Even assuming Plaintiffs are correct as a matter of state remedial taxonomy, that argument does not defeat the motion.

Rule 12(c) permits judgment on the pleadings where the pleadings foreclose relief as a matter of law. *See* 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) (explaining that judgment on the pleadings is appropriate only where the movant establishes entitlement to judgment as a matter of law and no material factual issues remain for resolution on the pleadings). In other words, whether labeled as a "cause of action" or

a "remedy," the Court may dismiss relief that is legally unavailable under the facts pleaded.

Further, Plaintiffs in fact pleaded "Constructive Trust" and "Receivership" as separate counts in the Amended Complaint (*see* n.2), and Defendants' motion is properly addressed to those pleaded theories. (DE 18; DE 221.) The Court, therefore, proceeds to the merits.

### 3. Plaintiffs' Choice-of-Law Position Does Not Alter the Analysis

Plaintiffs suggest that choice-of-law issues (including references to foreign law) weigh against dismissal of the equitable relief sought. (DE 226 at 9.) The Court concludes that this contention does not change the analysis in this Rule 12(c) posture.

The relief sought is directed to real property located in South Carolina and invokes this Court's equitable authority to impose an equitable interest in land and to appoint a receiver—questions governed by federal equitable principles and forum law. *See Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 302 (4th Cir. 2001). Plaintiffs identify no developed conflict-of-law analysis demonstrating that foreign substantive law governs the availability of these remedies, nor do they identify any conflict that would affect the outcome. In any event, even if non–South Carolina law governed aspects of Plaintiffs' underlying substantive claims, Plaintiffs have not plausibly alleged the threshold predicates required for either form of equitable relief, including the inadequacy of legal remedies and the necessity of extraordinary intervention. *See Gordon v. Washington,* 295 U.S. 30, 39 (1935); 12 Fed. Prac. & Proc.

7

Civ. § 2983 (3d ed.). Accordingly, Plaintiffs' choice-of-law argument does not preclude judgment on the pleadings.

**B.    Constructive Trust**

A constructive trust "arises entirely by operation of law without reference to any actual or supposed intention of creating a trust. It is resorted to by equity to vindicate right and justice or frustrate fraud." *Whitmire v. Adams*, 273 S.C. 453, 457, 257 S.E.2d 160, 163 (1979). A constructive trust may be established when:

> a party has obtained money which does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it as where money has been paid by accident, mistake of fact, or fraud, or has been acquired through a breach of trust or the violation of a fiduciary duty. In order to establish a constructive trust, the evidence must be clear and convincing.

*SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 500, 392 S.E.2d 789, 794 (1990) (internal citations omitted.) South Carolina courts have repeatedly cautioned that the remedy is not automatic upon an allegation of wrongdoing and is not warranted where other relief is adequate. *See Carolina Park*, 400 S.C. at 8, 732 S.E.2d at 879 ("equitable relief is unnecessary when an adequate remedy for money damages is available at law.").

Here, Plaintiffs seek to impose a constructive trust over a broad portfolio of real property held by Defendants. (DE 18.) Defendants contend this request is legally and equitably untenable given the current posture of the case: class certification has been denied (DE 201), and only Cheng and Cai's individual claims remain pending.

8

Accepting as true the factual allegations of the Amended Complaint, the Court concludes that Plaintiffs have not pleaded facts plausibly establishing entitlement to a constructive trust as individual claimants.

### 1. The Pleadings Do Not Plausibly Allege Inadequacy of Legal Remedies as to These Plaintiffs

Equity generally does not act where an adequate remedy at law exists. Plaintiffs' core alleged injury is monetary: they invested funds and allegedly did not receive repayment or promised returns. (DE 18.) Yet the Amended Complaint does not plausibly allege that monetary damages would be inadequate to compensate Cheng and Cai if they ultimately prevail on their remaining legal claims, nor does it plead facts showing that Defendants would be unable to satisfy a judgment limited to these two Plaintiffs.

Defendants emphasize that, after denial of class certification, the remaining damages at issue are limited to Cheng and Cai's relatively modest, individualized monetary losses as compared to the scope of the equitable relief sought. (DE 221; DE 233.) Plaintiffs' opposition does not identify well-pleaded allegations establishing that Defendants are judgment-proof, assets are unavailable to satisfy an individual judgment, or legal remedies are otherwise inadequate. (DE 226.)

Where the pleadings fail to plausibly allege the inadequacy of legal remedies, a constructive trust over extensive real property is not warranted as a matter of law. *See Carolina Park*, 400 S.C. at 8, 732 S.E.2d at 879.

### 2. The Scope of the Requested Relief Is Not Plausibly Tethered to Plaintiffs' Individual Claims

The Court also considers proportionality and equitable necessity. In the current posture of this case—where only the individual claims of Cheng and Cai remain—a constructive trust over a sweeping portfolio of real property is not plausibly alleged as necessary or appropriately tailored to secure meaningful relief for these Plaintiffs. The Amended Complaint's broader allegations of harm to thousands of investors were advanced in support of class-wide relief that has since been denied. (DE 201.) Absent well-pleaded facts showing that such expansive equitable relief is required to remedy these Plaintiffs' individual injuries, the pleadings do not support the imposition of a constructive trust in this form.

This is not to say that a constructive trust could never be appropriate in a fraud case. But the pleadings must plausibly allege facts demonstrating that such relief is necessary and properly directed to a specific and identifiable *res* to remedy the claimant's injury. *Compare SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 496–500, 392 S.E.2d 789, 792–94 (1990) (affirming constructive trust over specific, wrongfully retained funds personally held by the defendant). Plaintiffs' pleadings do not do so here.

Accordingly, Defendants are entitled to judgment on the pleadings as to Plaintiffs' constructive trust theory.

### C. Receivership

Appointment of a receiver is a drastic and extraordinary remedy. *See Richland Cnty. v. S.C. Dep't of Revenue*, 422 S.C. 292, 313, 811 S.E.2d 758, 769 (2018) ("The

10

appointment of a receiver is a drastic remedy, and should be granted only with reluctance and caution.") In a diversity case, the decision whether to appoint a receiver is governed by federal equitable principles and lies within the Court's discretion to be exercised only upon a clear showing that such relief is necessary to protect the movant's interests. *See Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 302 (4th Cir. 2001) (recognizing district court's equitable authority to appoint receivers under Rule 66); 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.).

Federal courts considering whether to appoint a receiver generally evaluate factors such as the inadequacy of legal remedies, the debtor's financial condition, the existence of fraudulent conduct, the presence of imminent danger that property will be lost, concealed, or dissipated, and whether appointment of a receiver would effectively protect the moving party's interests. *See* 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.). The movant bears the burden of demonstrating that these necessity-based considerations warrant the extraordinary relief sought. *See Gordon v. Washington*, 295 U.S. 30, 39 (1935) (requiring a "plain showing of some threatened loss or injury to the property").

At this stage of the litigation, Cheng and Cai are unsecured claimants asserting disputed monetary claims. They do not allege any present legal or equitable interest in the real property for which they seek appointment of a receiver, and a receiver ordinarily will not be appointed at the request of a mere contract creditor who lacks a lien or other proprietary interest in the property, absent extraordinary circumstances demonstrating necessity. *See* 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.).

Here, Plaintiffs' pleadings do not plausibly allege facts that would satisfy these necessity-based requirements as to Cheng and Cai individually. The Amended Complaint alleges wrongdoing in connection with the alleged investment scheme and seeks a receiver to take control of Defendants' real property holdings. (DE 18.) However, it does not plead facts showing an imminent danger that the property will be lost, concealed, squandered, or otherwise rendered unavailable to satisfy a potential individual judgment. Nor does it plausibly allege that ordinary legal or post-judgment remedies would be inadequate. *See Gordon*, 295 U.S. at 39.

Plaintiffs' opposition relies, in part, on assertions and characterizations not pleaded in the Amended Complaint and on collateral allegations that cannot cure pleading deficiencies on a Rule 12(c) motion. *See* 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) (explaining that judgment on the pleadings is confined to the pleadings and properly noticed facts).

In sum, even accepting Plaintiffs' allegations as true, the pleadings do not plausibly establish that appointment of a receiver is necessary to protect Cheng and Cai's interests as individual claimants in this action. Defendants are, therefore, entitled to judgment on the pleadings as to Plaintiffs' receivership theory.

**D.     Request for Expedited Relief**

Defendants also request expedited disposition, asserting that the continued pendency of Plaintiffs' constructive trust and receivership theories cloud title and interfere with the disposition of real property. (DE 221.) Because the Court grants

judgment on the pleadings as to those theories, the request for an expedited ruling is denied as moot.

## IV.    CONCLUSION

For the reasons above, Defendants' Joint Rule 12(c) Motion for Judgment on the Pleadings and Request for Expedited Relief (DE 221) is GRANTED IN PART and DENIED AS MOOT IN PART, as follows:

1. Defendants' motion is GRANTED as to Plaintiffs' constructive trust claim (Count 5) and receivership claim (Count 6) in the Amended Complaint (DE 18). Counts 5 and 6 are DISMISSED WITHOUT PREJUDICE.

2. Defendants' request for an expedited ruling is DENIED AS MOOT.

3. In all other respects, Defendants' motion (DE 221) is DENIED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 14, 2026