IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Xunhui Cheng and Kelin Cai, on behalf of himself and all others similarly situated,<br>Plaintiffs,<br>vs.<br>Dan Liu, et al.,<br>Defendants | Case No.: 4:20-cv-01726-JD<br><br>**ORDER** |

This matter is before the Court for review of the Report of Magistrate Judge Kevin F. McDonald (the "Report"), entered under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). (DE 298.) The Report recommends dismissing Plaintiff Xunhui Cheng's claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). The Report also provides that, if adopted, Defendants' Joint Motion for Summary Judgment as to Plaintiff Cheng (DE 266) will be rendered moot. The time for filing objections expired, and no objections were filed.

## A. Background

Plaintiffs commenced this action in the Horry County Court of Common Pleas in March 2020, and Defendants thereafter removed it to this Court. Plaintiff Cheng remained represented by counsel until August 28, 2025, when the Court granted his attorneys' motion to be relieved. (DE 244.) The Court stayed the matter as to Cheng for forty-five days to permit him to obtain new counsel. No substitute counsel appeared, and Cheng thereafter proceeded *pro se*.

On February 4, 2026, the Magistrate Judge advised Cheng that he was required to keep the Clerk of Court informed in writing of any change of address and warned that failure to meet a deadline set by the Court could result in dismissal of his case. (DE 256.) Defendants filed their Joint Motion for Summary Judgment as to Cheng on April 3, 2026. (DE 266.) On April 6, 2026, Cheng was advised pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the summary judgment procedure and the possible consequences of failing to respond adequately. (DE 267.) Cheng filed no response.

The Magistrate Judge issued the Report on July 1, 2026. The Report concluded that Cheng had abandoned this action and recommended dismissal under Rule 41(b). (DE 298.) The Report also afforded Cheng an additional opportunity during the objection period to notify the Court that he wished to continue the case and to respond to the summary judgment motion. Cheng did neither.

**B. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th

Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). A party who receives proper notice and fails to file timely, specific objections ordinarily forfeits appellate review of the substance of the recommendation. *See Nelson v. Bisignano*, No. 25-2073, 2026 WL 1533306, at *1 (4th Cir. June 1, 2026) (per curiam).

In the absence of objections, the Court is not required to give any explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199.

**C. Discussion**

A court may dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with an order of the Court. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In determining whether dismissal is warranted, courts consider "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). These factors are not a rigid test, and the circumstances of the particular case control. Ballard, 882 F.2d at 95.

After reviewing the record, the Court finds no clear error in the Report. Cheng has proceeded *pro se* since August 2025 and is personally responsible for his failure to respond to Defendants' motion or otherwise prosecute his claims. The case has been pending for more than six years. Cheng has not communicated with the Court since his former counsel sought to withdraw, and Defendants remain entitled to resolution of the claims against them. Cheng also received express warnings concerning his

obligation to comply with Court deadlines and the possible consequences of failing to respond, and the Report itself afforded him a final opportunity to indicate that he intended to continue prosecuting this action. He did not do so. Under these circumstances, the Court agrees that no lesser sanction would be effective and that dismissal under Rule 41(b) is warranted.

**D. Conclusion**

Accordingly, the Court ADOPTS the Report and Recommendation (DE 298). Plaintiff Xunhui Cheng's claims are DISMISSED WITH PREJUDICE for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Defendants' Joint Motion for Summary Judgment as to Plaintiff Cheng (DE 266) is DENIED AS MOOT. This Order resolves only Plaintiff Cheng's claims; Plaintiff Kelin Cai's claims and the remaining pending matters will be addressed separately.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 8, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order and the accompanying judgment within thirty (30) days from the date of entry under Rules 3 and 4 of the Federal Rules of Appellate Procedure.