IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Xunhui Cheng and Kelin Cai, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan Liu, et al.,<br><br>Defendants | Case No.: 4:20-cv-01726-JD<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (the "Report") of United States Magistrate Judge Kevin F. McDonald, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 303.) The Report addresses Defendants' Joint Motion for Summary Judgment as to Plaintiff Kelin Cai ("Cai") (DE 265) and Non-Party Kenn K. Zou's ("Zou") Motion to Intervene for the Limited Purpose of Protecting His Interests and Correcting the Record (DE 273). The Report recommends granting Defendants' Motion for Summary Judgment and denying Zou's Motion to Intervene as moot. (DE 303.)

Zou filed specific objections to the portion of the Report concerning intervention. (DE 308.) Defendants responded. (DE 309.) No party filed a specific objection to the recommendation that summary judgment be granted as to Cai. By separate Order, the Court adopted the Report and Recommendation concerning Plaintiff Xunhui Cheng ("Cheng") (DE 298), dismissed Cheng's claims for failure to

prosecute under Federal Rule of Civil Procedure 41(b), and denied Defendants' Motion for Summary Judgment as to Cheng (DE 266) as moot.

For the reasons below, the Court adopts the Report's recommended disposition as to Cai, as modified below, and modifies the intervention recommendation by denying Zou's Motion on Rule 24 grounds rather than mootness. The Court sustains Zou's objections only to the extent no factual finding about the disputed use of his name is necessary to resolve this action and, therefore, declines to adopt the Report's characterization of the matter as an "apparently mistaken identification." Zou's objections are otherwise overruled.

**A. Background**

The Report sets forth the broader factual and procedural history, which the Court incorporates except as modified below. The Court recites the matters necessary to frame the pending Motion for Summary Judgment and Zou's objections.

Cai and Cheng commenced this action in the Horry County Court of Common Pleas on March 12, 2020, and Defendants removed it to this Court on May 1, 2020. Plaintiffs alleged that Defendant Dan Liu ("Liu") controlled Chinese peer-to-peer lending companies and the South Carolina entity Defendants and caused investor funds collected in China to be transferred to South Carolina and used to acquire golf courses and other real property. The Amended Complaint asserted claims for breach of contract, breach of fiduciary duty and aiding and abetting breach of fiduciary duty, fraud, breach of contract accompanied by a fraudulent act, unjust enrichment, federal and state securities violations, and conversion, together with claims seeking a

constructive trust and receivership. (DE 18.) The Court previously dismissed the constructive trust and receivership claims. (DE 252.) The Court also denied class certification, and the Fourth Circuit affirmed, leaving the individual claims of Cai and Cheng for disposition.

As relevant to Cai, the summary judgment record reflects that he entered two lending agreements in China in 2015 and 2016 with Chinese peer-to-peer lending entities. No Defendant is identified as a party to those agreements. Cai also did not communicate with Liu or any Entity Defendant before entering the agreements. After the loans went unpaid, Cai traveled to South Carolina in March 2017. He attempted to contact Liu on March 4, 2017, and met with Liu the next day. Cai testified that Liu acknowledged the debt reflected in one of the lending agreements and orally promised to repay Cai in exchange for Cai's agreement not to disclose Liu's location to Chinese authorities. Cai provided banking information, but no payment followed. (DE 265; DE 278; DE 303 at 10–14.)

Zou first filed a Notice of Interested Party and Declaration in December 2025. (DE 251.) He asserted that his name had been used without his authorization in connection with the formation or registration of several Founders entities and stated that he submitted the declaration to provide his account of the early corporate history. In April 2026, after Defendants filed the pending summary judgment motions, Zou moved to intervene. (DE 273.) He disclaimed any effort to assert Plaintiffs' claims or obtain a merits ruling and instead sought limited intervention to prevent the Court from adopting what he described as unsupported characterizations

of his role in forming or operating the Entity Defendants. Defendants opposed the Motion. (DE 288.) Zou replied (DE 292) and later supplemented his Motion with certified South Carolina corporate records. (DE 300.)

## B. Report and Objections

### 1. Cai

The Report recommends granting summary judgment as to Cai principally because his remaining claims are untimely. It determines that March 12, 2020, is the operative commencement date of the action under South Carolina law and concludes that the applicable limitations periods expired before this action commenced. The Report reasons that, by the time Cai traveled to South Carolina and confronted Liu in early March 2017, Cai knew or should have known that he had not been repaid and that claims arising from the alleged misuse of his investment might exist. (DE 303 at 7–14.) It separately concludes that Cai's federal securities claim is barred by the limitations period in 28 U.S.C. § 1658(b). (*Id.* at 15.)

Cai attempted to avoid the limitations bar by relying on Liu's alleged oral promise at the March 2017 meeting to repay the debt. (DE 278 at 13–16.) The Report reasons that, even assuming the later oral promise was enforceable for summary judgment purposes, the Amended Complaint does not plead a claim for breach of that separate oral agreement, and Cai may not amend his pleading through a response to summary judgment. (DE 303 at 13–15.) The Report then addresses the merits in the alternative and concludes that Cai has not produced admissible evidence sufficient to

establish the remaining claims or his alter ego and amalgamation theories. (*Id.* at 15–24.)

No party filed a specific objection to the Report's recommended disposition of Cai's claims.

**2. Zou**

As to intervention, the Report recites the requirements for intervention as of right under Rule 24(a)(2) and the standard for permissive intervention under Rule 24(b). It notes Defendants' arguments that Zou's Motion was untimely and that he lacked a sufficient interest in the underlying litigation. The Report ultimately recommends denying the Motion as moot if summary judgment is granted as to Cai and Cheng's claims are dismissed for failure to prosecute. It also states that, even absent summary judgment, intervention would be moot because the disputed description of Zou's role is not a subject of Defendants' summary judgment motions, and it states that the Motion "cannot survive on the merits." (DE 303 at 24–26.)

Zou objects to that analysis. (DE 308.) He argues that the Motion was not moot when filed or when the Report was issued because the action remained pending and the Court could still grant limited relief. He also argues that the disputed use of his name in corporate records gives him a direct, protectable interest; that final disposition on an unresolved record could practically impair that interest; and that no existing party adequately represents his separate concern. Zou also contends that the Report did not expressly apply each Rule 24(a)(2) element or separately analyze permissive intervention under Rule 24(b). He disputes the Report's phrase

"apparently mistaken identification," asserting that the record does not establish whether the use of his name was mistaken, authorized, or intentional. Finally, he asks that, if intervention is denied, the Court make clear that it has not adjudicated whether he participated in forming, owning, managing, controlling, or registering any Defendant entity or authorized the use of his name or identity in connection with those entities. (DE 308.)

Defendants respond that Zou seeks no claim or defense and no merits determination. Defendants also contend that Zou's asserted interest is collateral to the lending transactions and claims actually presented here; and that no finding concerning Zou is necessary to resolve summary judgment. (DE 309.) Defendants, therefore, maintain that the Report should be adopted and the Motion denied.

**C. Standards of Review**

**1. Report and Recommendation**

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of any portion of a Report to which a party makes a specific written objection and may "accept, reject, or modify" the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court to the true ground for the objection. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*,

478 F.3d 616, 622 (4th Cir. 2007)). Where no specific objection is made, the Court need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**2. Summary Judgment**

Summary judgment is appropriate when the movant establishes "that there is no genuine dispute as to any material fact" and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it could affect the outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views competent evidence and draws all justifiable inferences in the nonmovant's favor, but the nonmovant must identify evidence sufficient to permit a reasonable jury to find in his favor. *Id.* at 252, 255; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**3. Intervention**

Rule 24(a)(2) requires intervention on timely motion when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fourth Circuit describes the requirements as:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the

> denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

*Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Failure to satisfy any one requirement defeats intervention as of right.

The proposed intervenor must demonstrate a "significantly protectable interest" in the subject matter of the litigation. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). That interest must be "direct and substantial." *In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997). Rule 24(b)(1)(B), in turn, permits intervention on timely motion when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." In exercising that discretion, the Court must consider whether intervention would unduly delay or prejudice adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3).

## D. Discussion

### 1. Defendants' Motion for Summary Judgment as to Cai

Because no specific objection was filed to the Report's recommended disposition of Cai's claims, the Court reviews that portion of the Report for clear error. Having reviewed the Report, the Motion, Cai's response, Defendants' reply, and the pertinent record, the Court finds no clear error in the recommended disposition. The Court modifies several aspects of the Report's reasoning, however, to avoid unnecessary factual or legal determinations.

First, the limitations analysis disposes of Cai's pleaded contract, fiduciary-duty, fraud, breach of contract accompanied by a fraudulent act, and conversion claims. South Carolina's three-year limitations period governs those claims. *See* S.C.

Code Ann. § 15-3-530. Under South Carolina's discovery rule, the limitations period begins when the plaintiff knows or should know, through reasonable diligence, that a cause of action exists. By March 5, 2017, at the latest, Cai knew that the lending agreements had not been honored, had traveled to South Carolina to confront Liu, and had discussed repayment directly with him. Cai did not commence the action until March 12, 2020. On those undisputed facts, Cai's contract, fiduciary-duty, fraud, breach-of-contract-accompanied-by-a-fraudulent-act, and conversion claims are untimely.

The Court does not rely on limitations as the basis for resolving Cai's state or federal securities claims. The South Carolina Uniform Securities Act contains claim-specific limitations provisions, including, for certain claims, a period measured from discovery of the facts constituting the violation. *See* S.C. Code Ann. § 35-1-509(j). The federal limitations provision similarly measures certain securities claims from discovery of the facts constituting the violation. *See* 28 U.S.C. § 1658(b). Because the alternative merits grounds discussed below independently dispose of those claims, the Court need not determine whether Cai's knowledge by March 2017 encompassed all facts necessary to trigger those particular discovery periods.

Cai's reliance on the later oral promise does not save the claims actually pleaded. The Amended Complaint alleges that the written "Investment Agreement" created the relevant contractual obligation and asserts that Liu and the Entity Defendants are liable on that obligation through alter-ego and amalgamation theories. (DE 18 ¶¶ 77–86.) It does not assert a distinct cause of action alleging that

Liu breached a new oral contract formed during the March 2017 meeting. A plaintiff may not avoid summary judgment by constructively amending the operative pleading through a response brief. *See Cloaninger ex rel. Est. of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009). Accordingly, the Court need not decide whether the alleged March 2017 oral promise would otherwise be enforceable under South Carolina law. It does not save the claims actually pleaded.

The Court also notes three clerical errors in the Report that do not affect its recommendation. The Report correctly identifies the meeting between Cai and Liu as occurring on March 5, 2017, but later twice refers to a "May 5, 2017" oral agreement. (DE 303 at 10, 14.) The Report also says the limitations period terminated on "May 4, 2020," although its preceding analysis identifies the relevant date as early March 2020. (*Id.* at 14.) Finally, the procedural history identifies the Court's January 14, 2026, Rule 12(c) Order as ECF No. 52; the correct docket entry is DE 252. These are scrivener's errors, and the Court does not adopt them.

The Court does not rely on § 15-3-530 as an independent bar to Cai's unjust-enrichment claim. The South Carolina Supreme Court has emphasized the distinction between actions at law governed directly by § 15-3-530 and equitable claims, and has noted that implied-in-law or quasi-contract claims are distinct from true implied-in-fact contracts. *See Thomerson v. DeVito*, 844 S.E.2d 378, 382–85 (S.C. 2020). Given that distinction, and because "[u]njust enrichment is an equitable doctrine," *see Regions Bank v. Wingard Props., Inc.*, 715 S.E.2d 348, 356 (S.C. Ct. App. 2011), the Court need not resolve that claim's timeliness here. The claim

independently fails on the merits because Cai identifies no admissible evidence that he conferred a benefit on any Defendant, an essential element of unjust enrichment. *See Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868, 872 (S.C. 2000).

The Report's alternative merits analysis otherwise independently confirms the absence of a triable claim. Cai's lending agreements identify Chinese lending entities, not any Defendant, as contractual counterparties. The record does not show that any Defendant made a representation or material omission to Cai before or in connection with his entry into those agreements. Nor does Cai identify admissible evidence establishing a fiduciary relationship with Defendants at the time of the transactions or showing that Defendants exercised unauthorized dominion over identifiable property belonging to Cai.

The securities claims independently fail for similar defendant-specific reasons. Whatever the proper characterization of the lending arrangements, Cai identifies no admissible evidence that any Defendant sold him the alleged security, made a representation or omission that induced his entry into the lending agreements, or received his investment pursuant to those agreements. The Report therefore correctly concluded that any securities-law violation arising from Cai's acquisition of the lending interests would be attributable, if at all, to the Chinese lending entities with which he transacted rather than to Defendants presently before the Court. (DE 303 at 15–18.) Because those evidentiary deficiencies are independently dispositive, the Court need not decide whether the lending agreements qualify as "securities" or

whether the transactions would otherwise fall within the territorial reach of federal securities law.

The purported Xue Xiuli trial transcript, that Cai relies on repeatedly, was previously stricken for lack of authentication, and the deficiency was not cured. (DE 204.) Likewise, allegations and materials developed for class certification do not, without admissible evidence satisfying the governing elements, create a genuine dispute under Rule 56. The Court therefore finds no clear error in the Report's alternative conclusion that Cai's remaining claims fail on the merits.

Accordingly, the Court adopts the Report as modified as to Cai and grants Defendants' Motion for Summary Judgment (DE 265).

**2. Zou's Motion to Intervene**

Zou's objections require de novo review of the intervention portion of the Report. The Court agrees with one point at the outset: it is unnecessary to characterize the disputed use of Zou's name as an "apparently mistaken identification." The materials submitted by Zou reflect a factual dispute about the circumstances under which his name appeared in corporate records and other case materials. Neither the Report nor the summary judgment record resolves whether the use was mistaken, unauthorized, intentional, or otherwise. More importantly, that question is unnecessary to the disposition of Plaintiffs' claims. The Court, therefore, does not adopt that characterization and makes no factual finding on the subject.

The Court has also considered Zou's supplemental submission at DE 300. The certified corporate records reinforce that a factual dispute exists concerning the circumstances under which Zou's name became associated with certain Defendant entities. They do not, however, alter the Rule 24 analysis. The Court need not determine whether Zou's account of those events is correct because no such determination is necessary to resolve Cai's claims or the pending Motion to Intervene.

The Court also does not deny intervention solely on mootness. Zou is correct that a request to intervene may present issues distinct from the merits even as an underlying action approaches final disposition. The cleaner question here is whether Zou satisfies Rule 24. Because he does not, the Court need not decide whether entry of final judgment on Plaintiffs' claims would independently render his Motion moot. Nor is it necessary to resolve the parties' dispute concerning timeliness or whether the Rule 24(c) pleading requirement could be excused. Even assuming in Zou's favor that his Motion was timely and procedurally sufficient, intervention is not warranted.

**a. Intervention as of right**

Zou does not satisfy Rule 24(a)(2)'s interest and impairment requirements. The Court does not minimize Zou's asserted personal interest in the use of his name or in the accuracy of public corporate records. But Rule 24(a)(2) requires an interest relating to the property or transaction that is the subject of this action and a practical threat to that interest from disposition of the action. The transactions being adjudicated here are Cai's lending arrangements, the alleged movement or retention of his investment funds, and Defendants' asserted liability on the causes of action

pleaded in DE 18. No claim is asserted against Zou, no party seeks relief from him, and no legal right or obligation belonging to him is determined by the judgment.

The summary judgment disposition confirms the point. None of the grounds on which Defendants prevail as to Cai depends on whether Zou formed, organized, owned, managed, funded, controlled, or served as registered agent for any Defendant entity, or whether he authorized anyone to use his name or identity in connection with an entity. Unlike the proposed intervenors in *Teague*, Zou does not stand to gain or lose from the judgment's direct legal operation. *See Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). Nor does the judgment otherwise practically impair his ability to protect the personal interest he identifies.

This Order does not adopt the disputed characterization that prompted his Motion. Nor does it determine the truth or falsity of the corporate records or other materials concerning him, and does not adjudicate any independent claim or remedy Zou may possess. The continued existence in the docket of materials with which Zou disagrees does not transform disposition of Plaintiffs' claims into an adjudication of Zou's rights or materially restrict his ability to pursue any independent remedy otherwise available to him. Rule 24(a)(2), therefore, does not require intervention.

Zou emphasizes that no existing party shares his distinct objective of protecting his name and interests. (DE 308 at 14.) The Court accepts that the existing parties have different litigation objectives. But inadequate representation is only one element of Rule 24(a)(2). Because Zou has not shown the required interest in the subject matter of this action or practical impairment from its disposition, the absence

of an existing party advancing his position does not establish a right to intervene. *See Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

**b. Permissive intervention**

Permissive intervention is likewise unwarranted. Rule 24(b)(1)(B) permits intervention when a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Zou repeatedly states that he does not seek to align with either side, assert Plaintiffs' claims, or obtain a merits determination. (DE 273; DE 292.) His proposed limited pleading does not identify a claim or defense for which he seeks adjudication in this action. Instead, he seeks a procedural vehicle to submit corrective material and prevent the Court from adopting a factual narrative concerning him.

That objective does not satisfy Rule 24(b)(1)(B)'s threshold requirement. Some of Zou's submissions concern the formation or registration of Defendant entities and therefore overlap factually with matters appearing elsewhere in the record. But factual overlap alone does not supply the claim or defense contemplated by the Rule where the proposed intervenor expressly disclaims any claim or defense for adjudication.

Even assuming the necessary common question existed, the Court would decline permissive intervention. This action has proceeded through years of litigation, discovery, class-certification proceedings and appeal, and dispositive-motion briefing. Adding a new party solely to litigate a collateral factual dispute would inject an issue unnecessary to resolution of the parties' claims into an action

otherwise ready for final judgment. *See* Fed. R. Civ. P. 24(b)(3). The Court therefore declines permissive intervention under Rule 24(b).

**c. Scope of this ruling**

Because the Court denies intervention under Rule 24, it does not decide the underlying factual dispute that Zou seeks to place before the Court. The Court's consideration of DE 300 does not alter that conclusion. Specifically, the Court makes no finding concerning whether Zou knowingly formed, organized, owned, managed, funded, controlled, or served as registered agent for any Defendant entity. Nor whether he authorized any person to use his name, identity, identification documents, or other identifying information. And whether any particular use of his name was mistaken, accidental, intentional, authorized, or unauthorized. None of those matters is necessary for the adjudication of Cai's claims or for the Rule 24 determination made here.

Accordingly, Zou's objections are sustained only to the extent the Court declines to adopt the Report's phrase "apparently mistaken identification" and clarifies the limited scope of the present ruling. In all other respects, the objections are overruled, and the Motion to Intervene (DE 273) is denied.

**E. Conclusion**

After a thorough review of the record, the applicable law, the Report and Recommendation, Zou's objections, and Defendants' response, the Court ORDERS as follows:

1. The Report and Recommendation (DE 303) is ADOPTED AS MODIFIED for the reasons stated in this Order.
2. Defendants' Joint Motion for Summary Judgment as to Plaintiff Kelin Cai (DE 265) is GRANTED. Judgment shall be entered for Defendants on Cai's remaining claims.
3. Non-Party Kenn K. Zou's Objections (DE 308) are SUSTAINED IN PART to the extent the Court declines to adopt the Report's characterization of the disputed use of his name as an "apparently mistaken identification" and clarifies that the Court makes no finding concerning his alleged role or the circumstances under which his identifying information appears in the record. The Objections are otherwise OVERRULED.
4. Kenn K. Zou's Motion to Intervene (DE 273) is DENIED.
5. Because the Court has separately resolved Plaintiff Cheng's claims and this Order resolves Plaintiff Cai's remaining claims and the pending Motion to Intervene, the Clerk is directed to enter judgment and close this action.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 8, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order and the accompanying judgment within thirty (30) days from the date of entry under Rules 3 and 4 of the Federal Rules of Appellate Procedure.